```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                        |   |                       |
|------------------------|---|-----------------------|
| MYRON CRISDON,         | : |                       |
|                        | : | Civil Action No.      |
| Plaintiff,             | : | 13-3362 (NLH-AMD)     |
|                        | : |                       |
| v.                     | : | **OPINION**           |
|                        | : |                       |
| BANK OF AMERICA,       | : |                       |
|                        | : |                       |
|                        | : |                       |
| Defendant.             | : |                       |

Appearances:

MYRON CRISDON
531 N. 7TH ST.
CAMDEN, NJ 08102

    On behalf of himself

**HILLMAN, District Judge**

    This matter comes before the Court upon plaintiff's filing of a complaint, *pro se*, and application to proceed *in forma pauperis* (IFP). For the reasons explained below, plaintiff's IFP application will be granted, but his complaint shall be dismissed without prejudice.

    **I.   Standard for Reviewing Non Prisoner IFP Applications**

    Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application. Although § 1915 refers to "prisoners," Federal courts apply § 1915 to non-prisoner IFP applications. See Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status,

and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing Douris v. Middletown Twp., 293 Fed. App'x 130 (3d Cir. 2008); Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002); Clay v. New York Nat'l Bank, 2001 U.S. Dist. LEXIS 3209, (S.D.N.Y. Mar. 21, 2001))).

The decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Plaintiff has signed an affidavit in support of his IFP application declaring under penalty of perjury that he has no money and no assets. Based on this information, the Court will grant his IFP application.

Having filed an IFP application, pursuant to Section 1915(e)(2), the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." See 28 U.S.C.A. § 1915(e)(2). Accordingly, the Court shall review plaintiff's complaint under the standard afforded to *pro se* litigants.

## II. Standard for Reviewing Pro Se Complaints

Pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant. Haines v. Kerner, 404 U.S. 519, 520 (1972), reh'g denied, 405 U.S. 948 (1972). Even though pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, No. 06-1745, 2006 WL 3314518, at *2 (3d Cir. 2006)(finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

## III. Discussion

In his complaint, plaintiff claims that defendant, Bank of America, breached its fiduciary duty to plaintiff, in violation of 29 U.S.C. § 1109, and committed fraud on plaintiff by failing to pay him $2.8 million in trust fund monies due to him. Plaintiff claims that Bank of America abused its position when it informed plaintiff that the trust fund approval order documents were fake, and it did not allow the transfer of funds into his

bank account.

As a threshold matter, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.[1]  Plaintiff contends that jurisdiction in this Court arises under 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  Plaintiff also contends that jurisdiction may be premised under 28 U.S.C. § 1331, because of his federal claim pursuant to 29 U.S.C. § 1109.  Neither provision provides a basis for subject matter jurisdiction in this Court.

First, as to diversity of citizenship, plaintiff has failed to properly plead the citizenship of himself and Bank of America.  General allegations that plaintiff is "living within several states," and Bank of America is "operating within the several states in the United States," are insufficient to establish a party's citizenship.

---

[1] Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation.  See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'")(citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)); Adamczewski v. Emerson Elec. Co., No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005)).

Next, with regard to jurisdiction based on a federal question, plaintiff cites to 29 U.S.C. § 1109, which is a provision of the Employee Retirement Income Security Act of 1974 (ERISA). ERISA only applies to employee benefit plans, as described in 29 U.S.C. § 1003, and it is not applicable to the alleged trust described by plaintiff.

Even if plaintiff were to properly establish subject matter jurisdiction, plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(a) or Fed. R. Civ. P. 9(b). Attached to plaintiff's complaint is a "Fund Transfer Approval Order," purportedly to be from Bank of America, which states, "The Board of Directors/Trustees of Bank of America, New York City had approved your fund transfer of Two Million Eight Hundred Thousand U.S. Dollars (US$2,800,00.00) deposited in our bank by the World Bank Swiss with the support of the United States Government for our bank to carry on the transfer of the fund in your favour (sic), which the fund has been registered with the F.B.I. and the Department of Homeland security Washington DC for safety and security purpose (sic). . . . [Y]our fund require (sic) your presence here in our bank with a copy of your . . . I.R.S. Certificate for the signing/release of your fund to your account."

Based on this letter, and Bank of America's refusal to transfer $2.8 million into plaintiff's account, plaintiff claims that Bank of America committed fraud, kept the funds for its own

5

use, and violated ERISA. As stated above, ERISA is inapplicable to plaintiff's claim. With regard to plaintiff's claims of fraud, plaintiff has failed to comply with Federal Rule of Civil Procedure 9(b), which requires that fraud be plead with particularity. <u>See</u> Fed. R .Civ. P. 9(b); <u>see also</u> <u>Kanter v. Barella</u>, 489 F.3d 170 (3d Cir. 2007) (stating that the heightened pleading requirements for fraud require that facts be plead with particularity such as the "who, what, when, where, and how" of the events at issue). Although plaintiff states that he spoke with "Antonietta" at Bank of America, he does not explain which Bank of America branch he visited, what date he visited, and he does not offer any support as to how Bank of America is using his funds for its own purpose. Instead, plaintiff states that "Antonietta" explained to him that the "Fund Transfer Approval Order" is a forgery, there is "no such thing as a World Bank," and that Bank of America "does not have a board of directors/trustees." Plaintiff claims this explanation about the fraudulent nature of the "Fund Transfer Approval Order" is actually a cover-up of the fraud Bank of America committed on him. This conclusion is not sufficient to state a claim for fraud.

In addition to these Rule 9(b) deficiencies, the main problem with plaintiff's fraud claims is that he has not demonstrated that he is entitled to any relief. Plaintiff makes no allegations to the authenticity of the "Fund Transfer Approval

Order," how he received it, or why he was the recipient. A district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Fowler, 578 F.3d at 210 (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

Consequently, because plaintiff's complaint fails to properly establish this Court's subject matter jurisdiction over his case, and because it otherwise fails to state a claim for relief, plaintiff's complaint must be dismissed without prejudice.[2] An appropriate Order will be entered.

Date:  June 10, 2013             s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[2]Except in civil rights cases, a court is not obligated to afford a plaintiff the opportunity to amend his complaint, either *sua sponte* or following the dismissal of the complaint pursuant to a motion to dismiss. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). This does not bar plaintiff from filing a new complaint should he be able to cure the deficiencies outlined above.